IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v ) | Case No.: 21-60012-EFM |
| ) | |
| GERARDO ELIAS, ) | |
| ) | |
| *Defendant*. ) | |
| _____) | |

## **MEMORANDUM AND ORDER**

Defendant Gerardo Elias was charged by Information in the Eastern District of Texas with one count of Conspiracy to Distribute and Possession with Intent to Distribute a Controlled Substance, specifically 5 grams or more of methamphetamine, in violation of 21 U.S.C. § 846. He was sentenced to a term of imprisonment of 90 months, to be followed by four years of supervised release. Jurisdiction was transferred to this District in April of 2021.

On March 23, 2022, Defendant filed for early termination of his term of supervised release. His motion recited that he had successfully completed over 14 months of his 48 month term of supervised release, and that his "reintegration into society is complete." The United States Probation Office did not oppose the motion. The United States Attorney's Office objected to the motion. The Court denied the motion by text entry the next day.

Defendant appealed the denial, and the parties filed a joint motion for summary disposition to vacate the district court's order due to a change of law, and to remand to make "individualized determinations based upon the applicable statutory criteria . . . ." Accordingly, this matter is before the Court for reconsideration on remand.

In considering whether to grant early termination of supervision, a court is to consider almost all of the statutory sentencing factors set forth at 18 U.S.C. § 3553(a). The Court finds that the nature and circumstances of the offense are quite serious, as reflected by the 90 month sentence imposed by the sentencing court; that history and characteristics of the defendant reflect that while on supervision he has been compliant with all drug testing without issue and has a record thus far of successful rehabilitation by maintaining employment and a stable residence; and that the need for adequate deterrence and protection of the public from further crimes of the defendant must take into account his prior criminal conduct, and his relatively short period of successful supervision (14 months at the time of the motion, approximately 18 months at this time).

While the Court notes defendant's successful performance thus far, given the nature and severity of his underlying offense the Court must conclude that barely a year and a half of supervision is insufficient time to conclude, as defendant argues, that his reintegration into society is complete and further supervision is unnecessary. The sentencing judge in this case, from the Eastern District of Texas, considered that an appropriate term of supervision would be 48 months. While successful performance on supervision may well merit an earlier termination of that period of time, some deference is due the sentencing judge's determination at the time of sentencing that a longer term of supervision was necessary.

More critically, given the underlying offense of conviction for the Defendant, the Court cannot be satisfied that this short period of supervision to date is sufficient to give confidence that Defendant has made a significant and lasting change in behavior to alleviate any further concerns of recidivism. His successful supervision to date is commendable, but in the Court's determination inadequate thus far to instill such confidence in the Court that termination of further supervision would be merited.

**IT IS THEREFORE ORDERED** that Defendant's motion for early termination (Doc. 3) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 7th day June, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE.